```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                  :
JOSHUA ADAMS,                                                     :
                                                                  :
                                      Plaintiff,                  :          1:23-cv-7952-GHW
                                                                  :
                 -v –                                             :
                                                                  :                 ORDER
VIDEO STORYBOARD TESTS, INC.; and                                 :
PUAR, LLC,                                                        :
                                                                  :
                                      Defendants.                 :
                                                                  :
----------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/14/2023

GREGORY H. WOODS, United States District Judge:

This case commenced on September 8, 2023. Dkt. No. 1. On September 12, 2023, the Court issued a notice of initial pretrial conference, setting a deadline for the parties to meet and confer by November 13, 2023, a deadline for the parties to submit a joint letter and proposed case management plan by December 4, 2023, and a telephonic conference to occur on December 11, 2023. Dkt. No. 5. At Plaintiff's request for summons, summons was issued as to the two Defendants on September 18 and December 5, 2023, respectively. Dkt. Nos. 7, 10.

No joint letter and proposed case management plan was submitted by December 4. On December 6, the Court directed the parties to submit the overdue materials forthwith or in any case by December 8. Dkt. No. 11. No response was filed. The Court proceeded with the telephonic conference on December 11 as scheduled, and no party was in attendance. Accordingly, on December 12, 2023, the Court ordered Plaintiff to show cause why the case should not be dismissed without prejudice for failure to timely serve, comply with the Court's orders, and prosecute the case, pursuant to Federal Rules of Civil Procedure 4(m) and 41(b). Dkt. No. 12.

Plaintiff filed a response the following day. Dkt. No. 13. Plaintiff's counsel explains that she was on vacation from December 1 to December 12 and "was unable to comply with the Orders"

until December 13.  *Id.*  She also represents that, due to an "office failure," she did not pay "adequate attention to the prior notice of a deficient request for issuance of summons" and so summons did not issue until December 5.  *Id.*  Plaintiff does not explain the failure to request an adjournment of the scheduled conference or other deadlines in advance of counsel's vacation or in light of the delay in serving Defendants with process.  No Defendant has appeared in this matter.

The Court has reviewed Plaintiff's response to the Court's order to show cause and believes dismissal is appropriate.  While Federal Rule of Civil Procedure 4(m) imposes a 90-day limit on serving defendants, "if the plaintiff shows good cause for failure, the court must extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m).  "Good cause" for the failure to timely serve "is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control."  *Beauvoir v. U.S. Secret Serv.*, 234 F.R.D. 55, 56 (E.D.N.Y. 2006) (cleaned up); *accord Vaher v. Town of Orangetown*, 916 F. Supp. 2d 404, 419 (S.D.N.Y. 2013).  "[A]n attorney's inadvertence, neglect, mistake or misplaced reliance does not constitute good cause."  *Beauvoir*, 234 F.R.D. at 56 (cleaned up).  Plaintiff's failure to pay attention to deadlines established by the Rules or the Court does not constitute good cause.

"[A] district court *may* grant an extension in the absence of good cause, but it is not required to do so."  *Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007) (emphasis in original).  The Court does not find an extension is warranted in this case.  Plaintiff was required to meet and confer with Defendants by November 13 and work with Defendants on joint submissions due December 4.  Yet Plaintiff did not seek and obtain the proper issuance of summons until December 5 or seek an extension of his deadlines until the threat of dismissal was at hand, showing a particular lack of diligence in abiding by multiple deadlines in this case and prosecuting his case.  Plaintiff also does not argue that a statute of limitations would render a dismissal without prejudice a dismissal with prejudice or that any Defendant has actual notice of this action, which might otherwise weigh

2

against a dismissal. *See, e.g.*, *Vaher*, 916 F. Supp. 2d at 420–21. Dismissal of Plaintiff's claims against Defendants is therefore appropriate under Rule 4(m).[1]

Accordingly, Plaintiff's claims against Defendants Video Storyboard Tests, Inc. and Puar, LLC are dismissed without prejudice. The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: December 14, 2023
New York, New York

_____
GREGORY H. WOODS
United States District Judge

---

[1] A *sua sponte* dismissal under Rule 4(m) requires that the plaintiff first receive notice. *See* Fed. R. Civ. P. 4(m) (permitting dismissal "on motion or on [the court's] own after notice to the plaintiff"); *see also Nagy v. Dwyer*, 507 F.3d 161, 164 (2d Cir. 2007). Here, notice was provided through the Court's December 12, 2023 order to show cause, which provided Plaintiff an opportunity to show that dismissal was not warranted, for example by showing good cause for failure to timely serve Defendants. Dkt. No. 12.